IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3093-FL

| | | |
|---|---|---|
| MARCUS ANTOINE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MR. MOSLEY, MS. MOSLEY, and | ) | |
| WARREN TRANSFER OFFICE | ) | |
| HEAD OFFICIAL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's motion for subpoena (DE 16) filed in response to the court's September 18, 2014, order directing him to state whether he exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to filing the instant action. Also before the court is plaintiff's first motion to amend (DE 13), submitted in response to this court's August 5, 2014, order directing him to particularize his complaint. Finally, plaintiff filed a second amended complaint (DE 15), which this court construes as a motion for leave to file a second amended complaint. In this posture, the issues raised are ripe for adjudication.

The court begins with its inquiry into whether plaintiff exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") prior to filing this action. In response to the court's inquiry, plaintiff suggests that he does not have access to the documents necessary to establish that he exhausted his administrative remedies prior to filing this action and requests that the court subpoena the documents necessary to make such a determination.

Based upon the foregoing, the court declines to make a determination as to the exhaustion issue at this point in the proceedings. This does not preclude defendant from later raising the issue as an affirmative defense.

As for plaintiff's motion for subpoenas, the Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. See generally, Fed. R. Civ. P. 26-37, 45. Rule 34 authorizes a party to issue subpoenas to non-parties. Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.") Rule 45 outlines the procedure for issuing subpoenas. Fed. R. Civ. P. 45; see also, In re Rule 45 Subpoena to Robert Kochan, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed. R. Civ. P. 45(a)(1)(C)). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. Schaff v. SmithKline Beecham Corp., 233 F.R.D. 451, 453 (E.D.N.C. 2005). Here, there is no indication that plaintiff utilized the Federal Rules of Civil Procedure to obtain the discovery he seeks. Accordingly, his motion for subpoenas is DENIED.

The court now turns to plaintiff's amended pleadings. As an initial matter, the court allows plaintiff's motions to amend. See Fed. R. Civ. P. 15(a). The court, additionally, ALLOWS plaintiff to proceed with his claim against defendant Mr. Mosley. Because plaintiff named defendants Ms. Mosley and Warren Transfer Office Head Official in his original pleading, but did not include these parties in his amended complaints, these defendants are DISMISSED without prejudice from this action.

In summary, plaintiff's motions to amend (DE 13, 15) are GRANTED. Plaintiff's motion for subpoenas (DE 16) is DENIED. Plaintiff is ALLOWED to proceed with this action against defendant Mr. Mosley, but plaintiff's claims against defendants Ms. Mosley and Warren Transfer Office Head Official are DISMISSED without prejudice. The Clerk of Court is DIRECTED to proceed in accordance with standing order 14-SO-02 which governs service of process in state prisoner civil rights cases. In the event it becomes necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 7th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge